```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**ADEL IBRAHIM, M.D.,**

    **Plaintiff,**

**v.**                                          **Civil Action No: 5:05-0259**

**PLATEAU MEDICAL CENTER,**
**COMMUNITY HEALTH SYSTEMS,**
**Individually and d/b/a PLATEAU**
**MEDICAL CENTER, and**
**MPC, Inc., a West Virginia Corporation,**

    **Defendants.**

## MEMORANDUM OPINION

Pending before the court is defendant Oak Hill Hospital Corporation d/b/a Plateau Medical Center and Community Health Systems, Inc.'s motion to dismiss in which MPC, Inc. joins (Doc. No. 5).  Having reviewed the record and applicable law and for the reasons outlined below, the court grants defendants' motion to dismiss (Doc. No. 5).  The Clerk is directed to remove this case from the active docket of the court.

### I.  Background

On March 3, 2005, plaintiff filed this action in the Circuit Court of Fayette County, West Virginia.  (Doc. No. 1, Ex. B at 1).  On March 29, 2004, defendants removed the case to this court based on federal question jurisdiction.  (<u>Id.</u> at 1.)  Now, defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to name a proper defendant and for failure to state a claim.

Defendants argue that because plaintiff was employed by a different corporate entity, plaintiff's employment discrimination claims brought against them should be dismissed. Essentially, defendants argue that plaintiff fails to state a claim because the court cannot grant relief for employment discrimination when there is no connection alleged between the defendant's employer and the named defendants.

Plaintiff was required to respond to the motion within fourteen days of service, pursuant to the Scheduling Order entered in this case, but failed to respond within the time allotted under the Local Rules. Accordingly, the motion to dismiss is now ripe for decision.

## II. Standard of Review

A motion to dismiss for failure to state a claim should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957). In assessing a motion to dismiss for failure to state a claim, the Court must accept all well-pled allegations set forth in the complaint as true and must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997). "The court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or

conclusory factual allegations devoid of any reference to actual events." Morgan v. Graco Children's Prods., Inc., 184 F. Supp.2d 464, 465-66 (D. Md. 2002) (citations omitted).

While ordinarily a court is not permitted to look outside the complaint on a motion to dismiss for failure to state a claim, a court may do so on a limited basis when the defendant attaches to the motion to dismiss pertinent documents whose authenticity is not in dispute and upon which the plaintiff relies in his complaint. Collins v. Red Roof Inns, Inc., 248 F. Supp. 2d 512, 516 (S.D. W. Va. 2003) (Hallanan, J.). While the Fourth Circuit has not ruled on this issue, a number of sister circuits agree with the foregoing approach.[1]

---

[1] See, e.g., Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered"); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (recognizing narrow exception to conversion rule for documents the authenticity of which are not disputed by the parties, official public records, documents central to the plaintiffs' claim and documents sufficiently referred to in the complaint); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) (holding that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim); Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (holding that conversion is not required "[w]here plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint"); Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 949 (6th Cir.

### III. Analysis

The court must dismiss plaintiff's claims against defendants Oak Hill Hospital Corporation d/b/a Plateau Medical Center and MPC, Inc. because plaintiff alleges no connection between his employer and the named defendants. When the plaintiff fails to name a proper party, the court must dismiss plaintiff's claims. See Franklin v. Norfolk & W. Ry. Co. v. United States Steel Mining Co., Inc., 694 F. Supp. 196, 197 (S.D. W. Va. 1988) (granting defendant's motion to dismiss as a result of plaintiff's failure to name a proper party to the litigation); Stickler v. Waters, 989 F.2d 1375, 1390 (4th Cir. 1993) (upholding dismissal where neither the Commonwealth of Virginia nor the Department of Corrections were proper parties to a Section 1983 action).

Plaintiff purports to sue his employer for various employment discrimination claims. (See Doc. No. 1, Compl., Ex. B at ¶ V, XVI, XVIII.) Defendants attached to their motion plaintiff's employment contract and documents showing that the defendants are legal entities separate from plaintiff's employer. (Doc. No. 5, Ex. 1 & 2.) The court believes it appropriate to consider those documents because they are pertinent to

---

1990) (holding that complaint's extensive quotation of unattached document permitted court to consider language and interpretation of document when defendant tendered it on motion to dismiss).

4

plaintiff's complaint and because the plaintiff has not disputed their authenticity. (See Doc. No. 1, Compl., Ex. B ¶ V.) (discussing plaintiff's "Employment Agreement").

First, the employment contract provided by the defendant shows that plaintiff's employer is "Oak Hill Clinic Corporation." (Doc. No. 5, Ex. 1 at 1.) Next, documents from the West Virginia Secretary of State show that "Oak Hill Hospital Corporation" (defendant) is a separate entity from "Oak Hill Clinic Corp" (plaintiff's employer listed on the Employment Agreement). (Id. at Ex. 2.) Thus, plaintiff has alleged that his employer discriminated against him, but plaintiff has failed to allege any connection between the named defendants and the entity shown to be plaintiff's employer.

Plaintiff has been on notice for many months that the he named the wrong corporate entities and has not taken action to amend the complaint or raise allegations making joinder of these defendant's proper. Accordingly, plaintiff's claims against the defendants must be dismissed.

## IV. Conclusion

For the reasons outlined above, defendant's motion to dismiss (Doc. No. 5) is GRANTED. The Clerk is directed to remove this case from the active docket of the court. The Clerk is

further directed to send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 23rd day of February, 2006.

ENTER:

*David A. Faber*

David A. Faber
Chief Judge